**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **ANGELA WILLIAMS and TOM COLBAN, on behalf of themselves and all others similarly situated,** | **CASE NO. 17-cv-2318** |
| **Plaintiffs,** | **COLLECTIVE ACTION COMPLAINT** |
| **v.** | |
| **FOLLETT CORPORATION, an Illinois corporation, and FOLLETT HIGHER EDUCATION GROUP, INC., an Illinois corporation,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiffs Angela Williams and Tom Colban (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, allege the following claim against Defendants, Follett Corporation and Follett Higher Education Group, Inc. (hereinafter collectively referred to as "Defendants" or "Follett"):

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have worked as Assistant Managers ("AMs") for Follett anywhere in the United States.

2.    Follett is headquartered in Illinois and according to its website it is "higher education's largest campus retailer" operating "nearly 1,200 campus bookstores and over 1,600 virtual stores across the continent." https://follett.com/about-company (last viewed March 1, 2017).

3.    Throughout the United States, Follett employs AMs under the titles Assistant Store Manager II, Course Materials Manager I, Course Materials Manager II, Course Materials

Manager III, Customer Service Manager, Department Manager-Computer, Department Manager-Trade, Department Manager-General Merchandise, or Operations Manager.

4.     AMs spend the vast majority of their time performing similar duties as non-exempt staff.  These duties include customer service, unloading trucks, stocking products on shelves and ringing registers.

5.     AMs, who are classified as exempt, are required to perform non-exempt work in order to ensure sufficient floor coverage and provide customer service.

6.     Throughout the relevant period, Defendants' policy across its locations has been to uniformly classify AMs as exempt from federal and state overtime provisions and not to pay AMs any overtime wages.

7.     Defendants regularly require AMs to work in excess of 40 hours per workweek.

8.     The primary duty of the AM position is to perform non-exempt work including customer service tasks, unloading trucks and merchandising.

9.     The primary duty of the AM position does not vary among Defendants' locations nationwide.

10.     The primary duty of the AM position does not fall under any of the exemptions under federal or state overtime laws.

11.     By the conduct described in this Collective Action Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), by failing to pay AMs, including Plaintiffs, the overtime wages that they have earned and to which they are entitled by law.

12.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to

remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

## THE PARTIES

### Plaintiffs

#### Angela Williams

13.     Plaintiff Angela Williams is an adult individual who is a resident of Broken Arrow, Oklahoma.

14.     Williams was employed by Defendants from approximately October 2010 to March 2014.  During this period, she worked as an AM in Defendants' store located in Tulsa, Oklahoma.

15.     Pursuant to Defendants' policy, pattern, and/or practice, Williams regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

16.     Throughout her employment with Defendants, during most weeks that Williams worked for Defendants, she typically worked 5 days per workweek, with typical work days starting as early as 7:00am and ending as late as 7:00pm.  On average, she worked approximately 45 hours per workweek.

17.     Williams is a covered employee within the meaning of the FLSA.

18.     A written consent form for Williams is attached hereto as Exhibit A.

#### Tom Colban

19.     Plaintiff Tom Colban is an adult individual who is a resident of Woodridge, New Jersey.

20.     Colban was employed by Defendants from approximately August 1999 to February 2016.  Between 2001 and 2016, he worked as a AM in Defendants' stores located in New Brunswick, New Jersey, Suffern, New York, Montclair, New Jersey and Jersey City, New Jersey.

21.     Pursuant to Defendants' policy, pattern, and/or practice, Colban regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

22.     Throughout his employment with Defendants, Colban worked 5 days per workweek, with typical work days starting as early as 7:00am and ending as late as 6:00pm. On average, he worked approximately 45 hours per workweek.

23.     Colban is a covered employee within the meaning of the FLSA.

24.     A written consent form for Colban is attached hereto as Exhibit B.

### *Defendants*

25.     Follett Corporation is an Illinois corporation, with a corporate headquarters in Westchester, Illinois, which is within the jurisdiction of this Court.

26.     Follett Higher Education Group, Inc. is an Illinois corporation with a corporate headquarters in Westchester, Illinois, which is within the jurisdiction of this Court.

27.     Defendants jointly employed Plaintiffs and other similarly-situated employees.

28.     Defendants employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former AMs and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiffs and other similarly situated current and former AMs. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

29.     Throughout the relevant period, Defendants employed Plaintiffs and similarly-situated AMs within the meaning of the FLSA. Defendants have had substantial control over

Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

30.     Defendants are covered employers within the meaning of the FLSA, and, at all times relevant, employed Plaintiffs and similarly-situated employees.

31.     At all times relevant, Defendants maintained control, oversight and direction over Plaintiffs and similarly-situated employees, including payroll and other employment practices that applied to them.

32.     Defendants apply the same employment policies, practices, and procedures to all AMs.

33.     At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

34.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

35.     In addition, the Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

36.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

37.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendants are headquartered here.  Defendants are subject to personal jurisdiction in Illinois.

## FACTUAL ALLEGATIONS

38.     Plaintiffs bring this action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly-situated persons who work or have worked for Defendants as AMs

at any location in the United States, between October 1, 2013 and March 18, 2017[1], who elect to opt-in to this action (the "FLSA Collective").

39.     Plaintiffs and members of the FLSA Collective ("Collective Members") all worked for Defendants as AMs at locations throughout the United States.

40.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

41.     Throughout their employment with Defendants, Plaintiffs and the Collective Members consistently worked more than 40 hours per workweek.

42.     Defendants were aware that Plaintiffs and the Collective Members worked more than 40 hours per workweek, yet Defendants failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

43.     Defendants did not keep accurate records of hours worked by Plaintiffs and Collective Members.  That is, although Plaintiffs and Collective Members routinely worked more than 40 hours per workweek, Defendants did not record those hours.

44.     Plaintiffs' and Collective Members' primary duty was not management.

45.     Plaintiffs and Collective Members primarily performed non-exempt hourly work, including customer service, unloading trucks, stocking products on shelves and ringing registers. Plaintiffs and Collective Members spent at least 80% of their time performing these non-exempt duties.  These duties are the same as the duties performed by non-exempt, hourly employees.

46.     Plaintiffs and the Collective Members all perform or performed the same primary duties.

---

[1] In October 2016, the parties entered into a tolling agreement on behalf of the putative class of AMs who were employed by Defendants on or before October 3, 2016.

47.     Plaintiffs and Collective Members were closely supervised by their Store Managers.  Their Store Managers were responsible for the overall performance of the stores.

48.     Plaintiffs and Collective Members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties, and were required to follow the policies, practices, and procedures set by Defendants and their Store Managers.  Plaintiffs and Collective Members did not have significant independent discretionary authority to deviate from these policies, practices, and procedures.

49.     For example, Plaintiffs and Collective Members did not have authority to (a) create or implement management policies, practices, and procedures for Defendants; (b) commit Defendants in matters having significant financial impact; (c) set employee wages; (d) make decisions that altered the terms or condition of employment for employees; or (e) manage Defendants' business or any subdivision of it.

50.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This pattern, practice, and/or policy includes, but is not limited to:

      a.      willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

      b.      willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

      c.      willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

51.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and the Collective Members,

an overtime premium for hours worked in excess of 40 per workweek.

52.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**On behalf of the Plaintiffs and the FLSA Collective Against Defendants**

53.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

54.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

55.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

56.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

58.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59.     At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60.     Defendants failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

61.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendants have failed to make a good faith effort

to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

62.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

64.     As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Declare and find that the Defendants committed one or more of the following acts:

i.     Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs and similarly-situated persons who

opt-in to this action; and

      ii.      Willfully violated provisions of the FLSA.

C.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.      Pre-judgment interest and post-judgment interest;

E.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

F.      Reasonable incentive awards for the Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interests of other AMs, and the risks they are undertaking;

G.      Attorneys' fees and costs of the action; and

H.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 27, 2017               Respectfully submitted,


*/s/ Ryan F. Stephan*
**STEPHAN ZOURAS, LLP**
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560
rstephan@stephanzouras.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* motion forthcoming)
Camar R. Jones (*pro hac vice* motion forthcoming)
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

gshavitz@shavitzlaw.com
cjones@shavitzlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on March 27th, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

*/s/ Ryan F. Stephan*