UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA WILLIAMS and TOM COLBAN, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>    -against-<br><br>FOLLETT CORPORATION, an Illinois corporation, and FOLLETT HIGHER EDUCATION GROUP, INC., an Illinois corporation,<br><br>                      Defendants. | CASE NO. 1:17-cv-02318<br><br>HONORABLE JUDGE MATTHEW F. KENNELLY |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR SERVICE AWARDS**

THIS MATTER came before the Court upon the Parties' Joint Motion for Approval of Settlement Agreement as amended ("Approval Motion"). Having reviewed the Approval Motion and the Amendment to the Joint Stipulation of Settlement and Release and the original Joint Stipulation of Settlement and Release (collectively the "Settlement Agreement"), attached to the Supplemental Declaration of Gregg I. Shavitz as Exhibits 1 and 2, and having been otherwise fully advised of the premises, it is hereby ordered and adjudged as follows:

1.     The Court has jurisdiction over the subject matter of this litigation.

2.     The Parties' Approval Motion is hereby granted. The Court has scrutinized the settlement and approves the Settlement Agreement, including the total amount of the settlement ($1,750,000.00), as a fair, adequate and reasonable compromise of the disputed claims at issue in this litigation. In making this determination, the Court considered the totality of

     the circumstances including the possible ranges of recovery, the extent to which the proposed settlement will enable the parties to avoid the burdens and expenses of litigation, the seriousness of the litigation risks faced by each party, that the agreement was the product of arms-length negotiations between experienced counsel, and the reasonableness of the Settlement Administration Costs and Service Awards.  Each party was ably represented by counsel.  The parties were aided by experienced JAMS mediator Judge Morton Denlow (retired) in their settlement negotiations.  There is no evidence of fraud or collusion.

3. For settlement purposes only: (a) the Court certifies the collective action described in the Settlement Agreement; (b) the Court finds that the Potential Opt-In Plaintiffs[1] are similarly situated; (c) the Court finds that the Named Plaintiffs are appropriate collective action representatives; and (d) the Court finds that Plaintiffs' Counsel are adequate counsel for the Potential Opt-In Plaintiffs in this Litigation.

4. The Court approves the proposed Notice of Settlement ("Notice") attached as Exhibit B to the Approval Motion, and approves the notice and distribution method set forth in the Settlement Agreement.  The Notices and the settlement checks will be sent by the Settlement Claims Administrator to the Potential Opt-In Plaintiffs within 14 calendar days after the date this Approval order is entered.  The Notice provides due and adequate notice to all persons entitled to such notice of the proceedings, including the material terms of the Settlement Agreement.  The Court also approves the release language included in the Notice which specifies that, by cashing the settlement check to be enclosed with the Notice, each Qualified Claimant will opt-in to the settlement and will

---

[1] Capped terms not defined in this Approval Order have the meanings set forth in the Settlement Agreement.

2540936.6

      be releasing all Released Claims against all Released Parties, as set forth in the Settlement Agreement.

5. The Court approves Rust Consulting, Inc. ("Rust") to serve as the Settlement Claims Administrator in this litigation. The Settlement Administration Costs up to a maximum of $22,000.00 will be paid out of the Gross Settlement Fund, as set forth in the Settlement Agreement.

6. The Court awards Service Awards of $5,000.00 each to be paid to the two Named Plaintiffs. The Court finds that the Service Awards are fair and reasonable in light of the Named Plaintiffs' efforts to raise and litigate this action. The Service Awards will be paid out of the Gross Settlement Fund, as set forth in the Settlement Agreement.

7. All Qualified Claimants who opt into the settlement by cashing the settlement check to be enclosed with the Notice are forever barred and enjoined from instituting or prosecuting, either directly or indirectly, any Released Claim against any Released Party, as set forth in the Settlement Agreement. All Released Parties are released and discharged from any and all Released Claims that any Qualified Claimant, or anyone claiming on behalf of or through a Qualified Claimant, has or may have against a Released Party, as set forth in the Settlement Agreement.

8. The Settlement Agreement may not be construed as an admission by or against any Released Party of any wrongdoing or liability. The Settlement Agreement, this Order and any documents related hereto will not be introduced in evidence in any proceeding against any Released Party in any court or agency or other tribunal for any purpose, except to enforce the terms of the Settlement Agreement or this Order.

2540936.6

9. The parties will file with the Court a report listing the Qualified Claimants, the total amount of the settlement checks cashed, and the opt-in participation rate within 14 calendar days after the close of the opt-in period, as set forth in the Settlement Agreement.

10. Plaintiffs' Counsel will seek the Court's approval of an award of attorneys' fees and litigation costs after the report of settlement participation is filed with the Court, as set forth in the Settlement Agreement.

11. This matter is set for a status on October 3, 2017, at 9:30 a.m.

ENTERED:

_____
Honorable Judge Matthew F. Kennelly

Date: June 7, 2017

4

2540936.6